**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 05 2022
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

| | |
|---|---|
| **TERESA BOELTE,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**SOUTHSTONE BEHAVIORAL HEALTH** )<br>)<br>**Defendant.** )<br>_____) | **Civil Action No:** 4:22CV00127 |

**COMPLAINT**

Plaintiff Teresa Boelte, respectfully moves the Court for judgment against the Defendant, Southstone Behavioral Health, and as grounds therefore, states as follows:

**JURISDICTION AND VENUE**

1. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, and 42 U.S.C. § 12112, et seq., and Va. Code § 2.2-3900-3905, et seq., the Virginians Human Rights Act, and Virginia statutory and common law provisions.

2. This Court has jurisdiction and venue, pursuant to 42 U.S.C. § 2000e, et seq., 28 U.S.C. § 1343, 1337 and 1391(b), inter alia. and the Code of Virginia.

3. The Plaintiff, Teresa Boelte is a resident of this judicial district, residing at 1180 Thompson Store Road, Vernon Hill, VA 24597-3307.

4. The Defendant, Southstone Behavioral Health alternatively, "Southstone Behavioral Health", is a corporation by information and beliefs employing in excess of 100 employees, at any given time, and satisfied all jurisdictional statutory requirements

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended, as well as 42 U.S.C. § 12112, et seq., and Va. Code § 2.2-3900, et seq., the Virginians Human Rights Act.

5. The acts herein complained took place in this judicial district, and the Defendant Southstone Behavioral Health was an "employer" engaged in commerce as defined by Title VII and was thereby subject to said laws.

6. Plaintiff timely filed her charge of discrimination with The United States Equal Employment Opportunity Commission as required by law, Charge Number 438-2021-01237, and received a Determination and Notice of Right to Sue issued on September 7, 2022 (see Exhibit "A", attached) and files this action within ninety (90) days of her receipt of said EEOC Notice letter, and which satisfied compliance with the provisions of 2.2-3901, et seq., of the Code of Virginia and the Virginia Office of Human Rights.

## FACTS

7. The Plaintiff is a 53-year-old citizen of the United States of America residing in Vernon Hill, Virginia, a residence within the Western District and conferring the jurisdiction of this Court.

8. At all relevant times, Defendant Southstone Behavioral Health was an employer, who consistently employed health care workers providing residential treatment services for adolescents with a history of childhood trauma in South Boston, Virginia, also within the jurisdiction of the Western District of Virginia.

9. Plaintiff Boelte had been employed by Southstone Behavioral Health, when she was hired as a Registered Nurse February 5, 2018. She was quickly promoted to Director of Nursing by May 27, 2018, reflecting her unique nursing and management skills.

10. Plaintiff Boelte was involved in an unfortunate workplace accident May 20, 2019, suffering injury to her low back and an associated diagnosis of sciatica (see Exhibit B, Virginia Workers Compensation Award).

11. Your Plaintiff proceeded to provide good and valuable nursing and management services throughout all periods post-accident, <u>until</u> spine surgery became necessary February 17, 2021.

12. Despite assertions by Defendant, at no time during Ms. Boelte's employment, and at no times prior to her February 2021 surgery, was Boelte directly accused of any misconduct, provided a "write up", nor disciplined or corrected by Southstone Behavioral Health or its management, in any respects.

13. During all relevant periods herein, Ms. Boelte was provided at least positive and often laudatory recommendations from Southstone management (included as Exhibit C, attached). Her file with Southstone reflected such recommendations.

14. During relevant periods immediately <u>prior</u> to Boelte's work-related accident surgery, her subordinates treated her with respect and support. She was noted to demonstrate "…good analytical, critical thinking and communication skills {and} as a patient caregiver." (See Exhibit D, as per former CEO Ricky O. Creech, Southstone's Behavioral Health's letter of 9/22/20.)

15. Southstone had retained a new CEO Stephanie Knowles, in November 2020. Shortly thereafter, Knowles provided strong and supportive reports of Plaintiff's work and management. The two worked on future plans and goals for 2021, collaboratively. They also discussed and implemented a corrective action plan for Southstone with various nursing staff including introduction of the Quik Mar system to protect against future medication documentation issues.

16. After Plaintiff underwent surgery February 2021, Southstone management began to question her medical leave, criticized her work-related medical restrictions and began to try to seek avenues to circumvent her medical restrictions and limitations.

17. It was during her disability periods that Plaintiff learned that Southstone was suffering from financial and organizational difficulties, and was seeking to cut their costs and personnel. Nevertheless, Knowles contacted Plaintiff during her rehabilitation to enlist Boelte's help and ideas to assist Southstone weather the CARF (Commission on Accreditation off Rehabilitation Facilities) survey and accreditation.

18. This unstable work and economic environment led Southstone management to seek improper and illegal remedies to alleviate their business problems. CEO Knowles generated a meeting with Mary Beth Wilkerson, Southstone Human Resources Assistant and Plaintiff. In this meeting, Knowles advised Wilkerson "…***to give her a list of all employees that were on workers compensation***" …that this "***needed be dealt with immediately***" as "***corporate needed to know***" to decide from that list "***who was to remain employed***", which list included Plaintiff Boelte, she was able to discover.

19. The subsequent termination of Ms. Boelte was the result of Southstone's agents and management's business determination to seek to <u>terminate</u> injured workers, and your Plaintiff, which termination were based on their disability status, at the direction of Ms. Knowles and Southstone management.

20. Southstone embarked upon a letter writing campaign to Plaintiff thereafter, to press for a medical release from Boelte's doctors to return to work. Only at that point did Southstone raise performance concerns about Boelte.

21. Plaintiff was ultimately terminated by Defendant, citing for the first time that historical performance issues - and not her disability from work - was the primary basis for termination. These grounds were contrary to the facts and history of Ms. Boelte's employment, and instead were consistent with Southstone's policy to seek out and remove the injured employees, as per Knowles (paragraph 17, <u>supra</u>) directives from Southstone corporate.

22. Plaintiff's termination caused significant personal and emotional distress, anxiety, financial discomfort and losses, which damages continue to accrue.

## **COUNT I – Employment Discrimination on the Basis of Disability or Perceived Disability**

Your Plaintiff repeats and re-alleges the factual and legal matters set forth in paragraphs1-22, above, and incorporates the same, herein.

23.   Your Plaintiff has incurred significant economic loss of wages and incurred substantial pain and emotional distress as a consequence of disability discrimination at Southstone Behavioral Health, which damages and losses continue as she marketed her residual work capacity.

24.   Such retaliatory discharge, on the basis of Ms. Boelte's actual disability, or her being perceived disabled by Southstone upon release to work is violative of 42 USC 2000e, et seq, and for which Defendant is liable.

## **COUNT II - Virginia Human Rights Act Violation**
**(Pursuant to Virginia Code 2.2-3905, et seq., and Bowman test)**

25.   Plaintiff Boelte repeats and realleges the factual and legal matters set forth in paragraphs 1 through 24 above.

26.   Defendant's conduct is violative of Virginia Human Rights Act, common law and public policy, a wrongful termination based on discriminatory employment practices by Southstone Behavioral Health and its senior management in violation of the Virginia Human Rights Act, Virginia Code 2.2-3905 of the Code of Virginia (as amended), as well as the common law of Virginia and Bowman v. State Bank of Keysville, 229 VA 534 (1985), and its progeny.

## COUNT III – Retaliatory Discharge

27. Plaintiff repeats and realleges the allegations and information set forth in paragraph 1-26, supra, and incorporates factual and legal matters herein by reference.

28. Defendant's conduct violated the provisions of Virginia's Retaliatory Discharge statute 65.2-308 of the Code, in whole or in part related to her work accident and its consequences.

## CONCLUSION

WHEREFORE, Plaintiff prays for judgment against the Defendant in the sum of $350,000, for general and special damages, including past and future wage loss, back pay reinstatement of employment rights under Sec. 308B., interest, compensatory, temporary and permanent mental and physical damages, including her pain and suffering and attorney fees.

Furthermore, Plaintiff seeks exemplary and punitive damages in the sum of $350,000.00, jointly and severally, if Southstone Behavioral Health is found to be reckless, gross negligent, and or willful and wanton to support punitive damages; for her costs expended, attorney fees, and all such further relief as to which may be proper in law and equity on behalf of Plaintiff Boelte.

**TRIAL BY JURY IS DEMANDED.**

                                      Teresa Boelte

                                By: /s/Philip B. Baker_____
                                        Of Counsel

Philip B. Baker
VSB #:  23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
    *Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on the 5th day of December 2022, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system and prepared for service on the Defendant.

                                          /s/ Philip B. Baker_____

Philip B. Baker
VSB #:  23434
SANZONE & BAKER, LLP
valaw@sanzoneandbaker.com
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(800) 927-1565 (fax)
    *Counsel for Plaintiff*